2000 OK CIV APP 34

**Brenda Faye HENSLEY, Plaintiff/Appellant,**

v.

**Bill Boyd HENSLEY, Defendant/Appellee.**

**No. 92,435.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Feb. 14, 2000.

manner as if such prepayment had not been made,...."

Kathryn R. Morton, Stilwell, Oklahoma, for Appellant.

Donn F. Baker, Tahlequah, Oklahoma, for Appellee.

## OPINION

CARL B. JONES, Presiding Judge:

¶1 Appellant, Brenda Faye Hensley (mother), and Appellee, Bill Boyd Hensley (father), were divorced in January 1996. The couple had a nine-year old son and custody was awarded to the mother. The divorce decree provided that child support was waived by agreement of the parties. Apparently, the mother agreed to give the father the marital home and waive child support for custody of her son. It is undisputed that the mother is unemployed and the father has the ability to pay child support. On May 30, 1997, the father filed a Motion to Modify Custody. In response, the mother filed an Application for a Writ of Habeas Corpus and a request for child support. On October 17, 1997, the trial court denied the father's Motion to Modify and set the child support matter for a hearing. On December 17, 1997, the father failed to appear at the hearing and the trial court awarded child support in the amount of $267.00 per month. The father filed a Motion to Set Aside the order. On February 24, 1998, the trial court denied the Motion and lowered the child support to $221.00 per month. However, the trial court granted the father's request for leave to file briefs regarding a waiver of child support. On December 8, 1998, the trial court issued its order vacating the previous orders awarding child support, finding that the parties waived child support in the Decree of Divorce, and denying the mother's Motion to Set Child Support. It is from this order the mother appeals.

¶2 The dispositive issue on appeal is whether the trial court erred in finding that the mother had waived child support. Child support proceedings are matters of equitable cognizance. On appeal, an appellate court reviews the entire record, weighs the evidence and will affirm a trial court's judgment relating to child support where it is just and equitable. *Thrash v. Thrash*, 1991 OK 32, 809 P.2d 665, 668.

¶3 The father argues that the mother's request for child support is barred by equitable estoppel because he gave the mother custody of the child pursuant to the agreement. The father's argument is unsupported by the evidence as he filed a motion to obtain custody four months after the agreement. Of paramount importance, however, is the fact that this Court will not enforce an agreement which is void as against public policy.

¶4 The Oklahoma Supreme Court in *Dept. of Human Services v. T.D.G.*, 1993 OK 126, 861 P.2d 990, 993–94, addressed a

similar situation in which an unwed mother and putative father entered into an agreement absolving the father from support obligations to his child. The Court held that public policy demands that, in matters of support, the best interests of the child be paramount. The Court could not conceive of any situation where a parent could bar a child's right to support and still be in the best interests of the child. Further, the Court held that a contract which permanently attempts to deprive a child of support is void as against public policy. Although parties represented by counsel may contract on the issue of child support, a trial court is not bound by the agreement if the amount of child support is unjust, inequitable, unreasonable or inappropriate under the circumstances, or is not in the best interest of the child. *Thrash v. Thrash, supra.*

¶ 5 Here, the mother is unemployed and without any means to support the child whereas the father admits he is financially able to support his child. We find that the agreement between the parents was void as against public policy and the trial court erred in enforcing the agreement as it was unjust, inequitable and not in the best interest of the child. Accordingly, the matter is reversed and remanded with directions to determine the appropriate child support under the Uniform Child Support Guidelines, 43 O.S. Supp. 1998 § 118.

¶ 6 REVERSED AND REMANDED.

GARRETT, J., and BUETTNER, J., concur.